I think in all honesty, the crux of the issue in this case can be simply stated like this. When a federal district court judge tells a defendant at a plea hearing just before he enters his plea in specific answers to the defendant's questions to the district court judge, that he will serve his federal sentence first. There's nothing like that happening. You're just making it up. If he's saying, do I get to serve my federal sentence first? Okay, where does he say that? Okay, I'll point that out. Where does he say that? Okay, I'll point that out to the judge in two places. If you look at my appellant's opening brief, I think that would be the easiest place to point it out. If you look at page 22, what I have is part of the transcript of the back and forth between the district court judge and the defendant. First you have... Let me talk about the transcript itself. What page? Page 20. Could you say that again, judge? I didn't hear you. Look at the transcript itself? Yeah. Okay.  I'll find it in one moment, judge. It gets more confusing because you've got typed pages at the top and handwritten pages at the bottom. It's somewhere between page 13 and... Yes, here it is. If you look at page, on my page, pagination on page 17 in the excerpts of record... Okay, so this is the numbers at the bottom? That's correct, judge. Okay, and what line? It's Mr. Blank, who's the attorney for the defendant. What line? Okay, the line to look at, I think, is this, and that would be line 25, where Mr. Blank says, and I'll quote, so it's our expectation that they will be concurrent, not through the Your Honor's order... I'm sorry, the line what? Here, if you start at, actually, line 22... Okay. Mr. Blank starts by saying, they would be consecutive. However, our understanding of the state court is that the state would order its sentence now, after you sentence, to be concurrent. It's our expectation that they will be concurrent, not through Your Honor's order, but through the order of the state court. Then later, the defendant says, this is the defendant, if you read further down... So Mr. Blank is the lawyer? The lawyer for the defendant. Okay, so he says this is our expectation. Yes, but not only that, Judge, the important point is to answer your question. He says this is our expectation. Yes, okay. Then you get to the defendant on page 18, the following page, and that starts at line 11. Yes, one question. This is the essence of what he's concerned about. But the thing, what I was wondering, see, as I got the sentence in the state, that they did theirs concurrent to whatever time, if I was getting time here. And I'm just hoping that you guys would keep me. And then their time, I'm getting credit as long as I'm in the federal system. He has explained, along with Mr. Blank, and actually Mr. Blank does it one more time, says that's his understanding, and that's our expectation. He is telling the federal court, Judge, as he's told every judge before this. Wait a minute. That's what he says. And the court says, well, but that's between you and the state. I have no control of the state. So he says this is my expectation. And the judge says no. You know, that's your expectation, but you can't count on it. So the fact that he says that's his expectation. Where is he told, where does anybody tell him, where does the district judge say, you get to serve your federal sentence first? On the following page at page 19. Okay. Well, actually, if you just read. What line? I'll actually start at page 18, line 17, when the judge says exactly what you just said. Well, that's between you and the state. I have no control over the state at the moment. Mr. Blank, that's our expectation. The defendant, okay. Mr. Blank, okay. You understand that. Yes, Your Honor. And I can't make promises as far as the state is concerned. Let me just stop there for a second. You're getting further and further away. No, I'm not. Actually, what she's now said to the. You're getting further and further away. What she's now said to the defendant is I can't make promises as far as the state is concerned. The implication is I can make promises as far as the feds concerned. And then she goes on to make that promise. The defendant. So in so many words, if the state would come. It says I can't make promises as far as the state is concerned. She doesn't say anything else. A 19 at the top. So in so many words, if the state would call here, you guys give me back to the states. That's what I'm trying to say. I'm trying to get some, I believe you said clarity, the court. Well, you'd finish your sentence here. You'd complete your sentence here. But I'm saying I can't tell you what. Yes, I understand now. I can't tell you what would happen in the state. The defendant. Right. I understand that. I just want to understand. I'd finish my sentence here. Thank you. In federal custody. The judge in federal custody. The court. You don't have any different understanding to everybody in the court. The defense counsel already said his expectation. Of course, that's his understanding. Yes, you finish it in federal. You get credit for the state. Where does anybody say you get to serve your federal sentence first? That was the question and the answer. Counsel, wasn't his federal sentence longer than his state sentence? Exactly. His federal sentence was longer than his state sentence. So when the court says, well, you would finish your sentence here. That also follows from the idea that he would start in the state system and then finish a sentence in the federal system. I think that's an entirely unreasonable answer. I'll be honest, Your Honors. I think it's unreasonable to think that that's what was happening in light of the back and forth questioning. The defendant couldn't have been clearer. He's an inarticulate, uneducated man. But he said to the court quite clearly, as long as I stay in federal custody, I get credit back in the state. So I just want to know you won't send me back there. You will do your time here. Where does anybody, including the defendant, say I get to serve my federal sentence first? Where does anybody say that flowed that concept? If you're asking me for the literal words, okay, then I will answer the question. I don't want to repeat myself. But I think when does he say I want to serve my federal sentence first? Yes. He says that by saying I want to stay here because I get credit for all the time I stay here. That's what he told the judge. I want to stay here. When they come and get me, you will send me there. He doesn't say I want to serve my federal sentence first. No, he's not a lawyer. If he's not a lawyer, he doesn't do that. He's not a lawyer, but he says it as clearly as an uneducated man can say it. He has a lawyer. A lawyer can talk for him. A lawyer can explain to the court. A lawyer can be very clear what his expectation and conditions are. If I can interject for just a minute. It seems to me that a reasonable understanding as to what the defense lawyer was after and what Mr. Johnson was after was that his federal sentence would be served first. And after he received assurance from the district judge, at least as he understood it, that the federal sentence would be served first, he said yes. And what may be the issue in front of us is how clear a statement do we require? That is to say, do we read this as if it were a used car contract or a bank credit card contract or do we read it in some different way? If we require an absolutely unmistakable clear statement, you probably lose. On the other hand, if a reasonable construction of what was in their mind and probably, I think, what was in Judge Patel's mind, he wins. That is to say, he wins in terms of that was the understanding. Whether you win in terms of the remedy you get, that's another question. Well, let me bounce off that point, Judge Fletcher, and that is this. The progeny to Santabello makes clear, actually the Ninth Circuit case that I cited makes clear, that all ambiguities go toward the defendant. If there's any ambiguity in any promise made. Now, is that true even when the remedy sought a specific performance? Because here withdrawal of the plea is not a satisfactory remedy. It is not a satisfactory remedy. So what you're after in your only realistic remedy is specific performance. And does that rule about ambiguities resolved against the government hold when the remedy sought a specific performance? Yes, it was. In the Santabello type case, and that was U.S. v. De La Fuente, I cited in my brief at page 15, it's a 93 case from the Ninth Circuit, and the court there indicated that all ambiguities should be resolved in favor of the defendant, specific performance, and it indicated, and I quote, the court, this court, should focus on defendant's reasonable understanding. We're not talking about lawyerly articulation, but defendant's reasonable understanding reflects the proper constitutional focus on what induced defendants to enter his plea. So it's the defendant's reasonable understanding with all ambiguities going toward the defendant. We're not talking about statistic. Why is it in a situation like this where the guy is represented by counsel, and he has a specific thing that he wants, which is to serve his clients first, even if he can't articulate, his lawyer understands what it is, and he can say, Your Honor, what we're after is article of assurance that he's going to serve his federal sentence first. Easy enough to say. Maybe the client can't articulate it, right, but certainly the lawyer can. Well, we'd be here. There's nothing like that here, and the judge could at that point have said yes or no. I just don't see it. We would have been here in an IAC if it wasn't for the judge actually doing it. It's clear. If you just read between the lines, it's obvious that the lawyer. It's not clear to me at all. To me. It seems to me that what the judge was saying is I can't give you any guarantees about the state sentence. But I can guarantee with. Disabuse him of the notion that she can do anything about the state sentence. If the client or the lawyer wanted to make sure about the sequencing of how the sentences are served, you say it. You say it in plain English. This is what we pay lawyers to do. I thought the lawyer did so. And I'm pretty sure what the judge would have said is no, I can't give you that guarantee. But because we. She then comes back later on on habeas and says no. Same judge. It was just Patel both times, wasn't it? Yes, it was. Judge Patel both times. So she had a chance to go back. And this is what she really meant back here. She had a chance to undo it when she got the case on habeas. Oh, I think your focus is wrong. Your focus is entirely wrong. I don't care what Judge Patel meant. I don't care what she meant at all. When she says you'll serve your time in federal court, which she could have meant you'll serve your time in Iowa. I don't care what she meant. She said you'll serve it in federal court. And the defendant relied on that statement. I don't care what Judge Patel meant. She told him straight out you'll serve it in federal court. That's what Judge Patel said. But if you want to say it doesn't matter what she meant, we'll hold it to her words, then you and your client have a responsibility to make sure that the questions you ask and the things you say to the judge are clear. So that when she says something, that's in fact what it means. I do not get anything out of this transcript that tells me that she agreed to have the federal sentence served first. Nothing at all. That may have been your hope. That may be your client's hope. But I don't see that with Judge Patel. I'm reasonably understanding this. A reasonable view from the defendant's point of view, the focus on the defendant, not on Judge Patel. The focus is on the defendant asking only that question. No other questions. His focus is clear. I want to make sure the state won't get me. I want to serve my time here. Make it as clear as I possibly can. If this were me and lawyers had said that to me, I would not have had any understanding at all as to what it is you wanted. And I don't understand how we can bind the government, who's also standing there, their lawyers standing there listening to this whole thing and not objecting, or the court when the thing is, I mean, sure, you can plausibly, you know, if you really want to stretch the language, you can plausibly, possibly come up with a conclusion that's what your defendant wanted. And so we will sort of stretch things to come out there. But I don't see – where is the agreement? Where is there anybody putting on the table straight front and center saying you serve your federal sentence first? You know, Your Honor, if I could interject, and my time is getting close. Let me try to answer it. You're over your time. Let me try to answer it this way. Yeah. Somewhat differently because I'm repeating myself and we differ. But what the defendant did very shortly after this, he was transferred to the state and he immediately in December, just a couple of months later, pro per, no manipulation, no lawyer, he's – I understand what you're saying. This is what he hoped to get out of it. Maybe that's what his clients hoped to – his lawyer hoped to get out of it. But if that's what he hoped to get out of it, he or his lawyer had the responsibility to lay it on the table and give the government the chance to object if they wanted to object and give the court a chance to agree or disagree. They did anything but. They said all sorts of things, everything around the bush, except I want to serve my federal sentence first. If the situation is so ambiguous that this court, Judge Kaczynski, doesn't understand, then it seems to me when Judge Patel says, does anybody have a different view, then at that point in time, I'm just bouncing off of you, Your Honor, the government should have said, well, I think we ought to be clear here, what we're saying is so-and-so. If it was unclear – I don't see anything in here that would have put the government on notice. I think it would – my own view, it was clear to everybody in the courtroom and particularly the judge. He prevented his lawyer from saying, look, what my client wants is an assurance that he will serve the federal sentence first. In my – He was doing that. There's no – of course not. He could have said that at that point. The government, the court, the defendant, and his lawyer would all have been on the same page. But you see, Your Honor, he had already – the defense lawyer already had in his mind the defendant will serve his time in federal court. He was being leased over by the – he was in state custody. The defendant all along has had lawyers that never asked that question in state court. He got it done himself. He finally gets to the federal court. The federal defender presumably tells him the same thing. It's his understanding. He says so in open court. But the defendant doesn't trust that, so he finally asks the judge. And the judge answers the same question. The reason the defense lawyer doesn't say anything else is the defense lawyer got the answer he wanted. Well, the next time he'll learn to trust his lawyer and discuss it with his lawyer and say, look, you raise it with the court. I can't – I just don't see it in here, but maybe we should hear from the government and see what they – Yeah, I have a question. Counsel, is it clear that Judge Patel had the power to order your client to serve his federal sentence first? I'd understood that that was a decision that might belong with the Bureau of Prisons. Do you have a different understanding? Well, when a judge actually makes a mistake like this, the – I understand that might go to the question of his plea. I don't know the answer to that question. I think, however, to answer it slightly differently is the federal district court judge could give the defendant credit for time he's serving in state prison. So it could sort of work the other way, the same effect. That would have been a very, very different request. Absolutely. I'm just saying. She wasn't going to do that. Oh, there's no – I'm not arguing that for a second. And I made that quite clear. But that sort of pushes up against the idea if you lay it on the table, the judge and the government could have said, I have no authority to tell you you will serve your federal sentence first. You lay it on the table. You can discuss it. You consider the legality of it. You know, there are a slew of cases, even in this circuit in Santa Bella situation, where a lowly assistant United States attorney can bind the Secretary of State of the United States of America, can bind the Department of Justice of the United States of America by simply saying this is what we'll do. We won't extradite you. Next thing you know, he's being extradited. The federal government in Washington says we didn't authorize that. The district court judge says that's the deal. The point is the judge, if she didn't know, she shouldn't have said it. As I told you, Your Honor, before, she answered, but it wasn't just a flip statement. She answered specifically. She didn't – your client didn't ask. His lawyer didn't ask. And certainly she didn't promise. Counsel, you have a probation officer who's also involved in this conversation. The court asked him if he has a different understanding, and the probation officer says I don't. I don't at all. And the guy immediately goes back to state custody. Now, he begins filing requests for orders for transfer from the state system to the federal system, and California, the courts actually grant him an order of transfer, which for some reason is not enforced. Has he got a cause of action against California officials? I don't know whether there's a cause of action state-wise. How did he not get transferred when he got a court order in California that ordered him transferred back to federal custody? How is it that the order – couldn't get the order enforced? The federal officials wouldn't take him. I think also in my excerpts of records you have finally he got appointed to counsel way after these things occurred, and the counsel in the state court wrote the Bureau of Prisons and so forth. Nothing happened. They acted as if nothing happened. Their position is that Judge Patel's order is that the sentence is consecutive, and therefore the state can have him. And the state actually acted boldly. Three different orders, three different ways, forthwith, right now, serving the warden, doing everything possible to get this guy into federal custody because he's going to get credit for time served. My argument is not with the state. I think the state did a great job. My argument is Judge Patel said you serve your federal time first. In my view, that's what she said. Let me return to a question that Judge Bybee asked, but I'm not sure I fully understood your answer. Did Judge Patel have the authority – I don't just mean could she have said it, but did she have the authority to require that the federal sentence be served first? You know, I don't know the answer to that question. He was there on a writ from the state court, which generally means he has to be returned. Now, I don't know the answer, I'm being honest with you. But it seems to me the federal court, to be honest, can keep him for years, and the state court would not do anything about it, nobody would do anything about it, and the sentence would be served. That may be true. Of course, again, this doesn't answer the question as to what was in your client's mind, but let's go to the question of how clear was all of this. If it's apparent that a district judge does not have authority to order somebody held in federal custody over state custody, that that might be a decision of the Bureau of Prisons because, obviously, they refused to take him from California after the California courts ordered him transferred to the federal system. It may go to the question as to what Judge Patel knew or thought, and back to Judge Cosensi's question, how clear all of this was. Two answers to that question. Let me again start with you're absolutely right. It doesn't make a difference what was in Judge Patel's mind. I agree with that, and I believe that's actually true. But there are two answers to that question. The case of Munoz de la Rosa on page 45 is a Ninth Circuit case where what happened is the judge sentenced the defendant to concurrent sentences. Concurrent sentences were unlawful, and so the case came back to the district court judge, and the judge said, I made a mistake. I'm sentencing you to a different sentence. Came back to the Ninth Circuit, and the Ninth Circuit said, no, you said it was concurrent sentences. Even though you couldn't sentence concurrent sentences, that's the sentence he's going to get. That was the case I cited. It's page 45. Another answer to that question comes also in the case of a state case, but it's also the Ninth Circuit case. It's a recent case, and it's the case of Brown v. Pool, also cited in my brief at page 60 and 63. It's a state case where the state attorney promised the defendant if she pled guilty she'd get half her time, where only the Bureau of Prisons could do that. Nobody could do that. It came up to the Ninth Circuit, and the argument was you can't order the Bureau of Prisons to give her half time. And the Ninth Circuit said that was the promise made, and that was the promise that's going to be fulfilled. The point is, if the defendant relies on the statements made to enter the plea, and the focus is on the defendant, and he reasonably believes that's what the judge said, not the judge said it, what the judge meant. But you're trying to just melt two lines of cases. You're trying to melt cases that say even though the thing is illegal, an expressed promise was made, therefore we'll stick by it, and the line of cases that says things are construed, ambiguities are construed in favor of the defendant. But those are two quite different propositions. It's one thing to say, look, you're an open court, this is laid on the table, you get made a promise, we're going to stick by the promise. But in fact, this is an illegal order for the court under the case of Taylor v. Reno. The court had no authority to do that. And maybe if the court had said mistakenly, I'll do it, you know, thinking in shared authority, we'd say, look, integrity of the process requires us to live up to the promise. But when you've got highly ambiguous statements that probably don't support you at all, but barely if at all, and then you've got something that you then, with those statements, construe the judge as having promised to do something that she had no authority to do, that's quite a leap. Your Honor, this happens so often that the Bureau of Prisons actually even has a public policy statement regarding it. It says when a district court judge makes a mistake as to who has primary jurisdiction and orders sentences concurrent and so forth, but we take them.  Yes, I understand. If the judge made a mistake. But you concede it's illegal. It would have been illegal for her to order this. But I'm not saying otherwise. But what I'm saying is the thing. But that's your question, the dispute that's illegal. No, I dispute that. I don't know that it's illegal. My answer to the question is honest. I don't know. I don't know that it's illegal. I'm not saying it's not, but I'm telling you I don't know that. I don't know that it would be illegal. Taylor v. Reno? Yes, I saw that in the opposing brief. And did you read it? Yes, Your Honor. Okay. Do you have some argument as to why it doesn't apply to our case? I mean, so you don't want to dispute it. I mean, are you conceding it's illegal? What do we do with it? Because in our case, you have a defendant who specifically relies. Do we assume in our analysis it's illegal? Do we assume what, Your Honor? What do we do? How do we treat this? Is this something that the district court could have ordered? I don't think so. In light of that case, the district court couldn't have ordered it. But the question is whether she did order it. If she does order it and the defendant relies on it, then it's not a legal sentence and must be enforced. It's two different questions. If you're asking me one thing, if out of the blue she could do this, the answer is no. But she didn't do it out of the blue. She did it in answer to the defendant's question. And then the question is not whether she could do it. The question is whether the defendant could rely on it. You have a different focus. And I think, again, with all due respect, Judge Kaczynski, your focus tends to be on Judge Patel and what she could do and what she meant. And my focus is on my client and what he meant and what he heard, what he recently heard, with all ambiguities going toward him, to his benefit, not to any other person's benefit. If I can reserve two minutes, I'd appreciate it. Thank you, Your Honor. Good morning. May it please the Court. My name is Sharon Bunzel. I represent the United States on this appeal. I'd like to begin by answering a couple of the questions that were asked about how we can interpret what was actually said in court before I turn to an issue that was referenced by the Court regarding the remedy that's sought here. So first, with respect to what was said. I think the Court is right. It's a very confused colloquy that certainly can't be given the effect of the binding promise that the appellant is seeking to impose upon it. And there are three things that I think this Court needs to consider. And that is, first, the plain language, which we tried to parse during Mr. Weiner's opening comments. Let's take that language that opposing counsel pointed to. When Judge Patel says you get to finish your sentence here, what good would that do him? He wasn't going to get a concurrent. The feds weren't going to give him credit for what he was serving in state court. So to finish his sentence simply means, yeah, you get to go to state court first, and then you get to come over here to federal court, and you get to finish your sentence here. That doesn't seem to be anywhere close to what he was trying to get here. Why would he care about whether he went to one prison system or to the other one first? Well, I think the answer is that Judge Patel didn't want to give him what he wanted here. She wanted these sentences, and she made it very clear. She wanted the federal sentence to be consecutive. Well, she made it particularly clear on habeas. She made it clear here that it was consecutive, but what the state might choose to do was up to the state. That's correct. She made that clear both at the time of the plea and on habeas. Well, but on habeas, the state had already done what it was going to do. That is to say, by that time, we'd finished in state court. That's correct. By the time her decision on habeas had been made, the state sentence had been served. But she told the defendant at the time of his plea that she intended, at the party's request, at both parties' requests, that this sentence be imposed consecutive to the previously imposed state sentence. She also said, look, I don't control what the state does. But the state's not going to – the state can't control the federal sentence. So if he serves the state sentence first, then he's got nothing. It's only if he serves the federal sentence first that he could then finish his sentence in federal prison because his federal sentence was longer than his state sentence. And it wasn't of any concern to her whether the state gave him credit or not. Well, I think what Judge Patel anticipated or what Judge Patel interpreted Mr. Blank, Mr. Johnson's attorney, to be talking about when he said, we don't expect this court to do anything to make these sentences concurrent, which, by the way, includes setting the chronology of the sentences. Wait a minute. You say, which, by the way, includes – he didn't say that. No, but what he said was we don't expect this court to do anything. We expect it to be done now after the federal sentence by order of the state court. What the state court could have done – Now, wait a minute. When you say we don't expect this court to do anything, can you point me to the language that you're paraphrasing? In Mr. Blank's colloquy when he says, we expect this court – And what page and what line are you on? At the excerpt of record. 17, I suspect. At page 17. Yeah, probably line 20. At the bottom of lane 24. He says, our understanding of the state court is that the state court would order its sentence now, after your sentence, to be concurrent. Yeah. So what he was telling Judge Patel is we're going to go back now to the state court, now that you've imposed your consecutive sentence, and get by operation of state law a remedy that will allow these sentences, in effect, to run concurrent. Yeah, right. Which Johnson could have done. Exactly. Which, of course, then makes perfect sense of everything that follows, which is why Mr. Blank and his client are saying we want to have the federal sentence go first. Otherwise, why in the world would they care? Well, Mr. Blank never says anything about the chronology of the sentences. No, no, I'm saying something different. Any reasonable person understanding how the system is going to work knows that the only reason Mr. Blank would want this or would care about this is if the federal sentence goes first. Otherwise, he couldn't care less. Well, any reasonable person knowing how the system works, as the court says, knows. Which is this lawyer, and which is – maybe I don't – Now, she may have misunderstood, although I'm not sure that she did. But she may have misunderstood. But what we're after here is, in part, and the opposing lawyer, Mr. Weiner, has suggested this, what really matters is what is reasonably in Mr. Johnson's head after we finish this colloquy. Well, I think Mr. Blank knew and Judge Patel knew, clearly they both knew, that the defendant was there on a writ. And to answer Judge Bivey's question, it is very clear under Taylor v. Reno that under those circumstances, the court could not order that the federal sentence be served first. The court had no power to start his federal sentence then. The Ninth Circuit says that's mere surplusage. It has no legal effect whatsoever. Mr. Blank is an experienced public defender. He wasn't asking about the chronology of the sentences. He said, we're going to go back to State court. Now, what the State court could have done when Johnson was returned there by the marshals, as was appropriate under the writ, is they could have taken a look at what Judge Patel did and reduced their sentence, let him withdraw his State plea. They didn't do any of that. What they did is issue an order to the federal authorities, take custody of the defendant. This court in Del Guzzi said that kind of recommendation, a direct order from the State court, has no effect. The federal authorities are under no requirement, even in the face of a direct order from the State court, to take back a prisoner who is currently serving a State sentence. So the State, there was a remedy, but the State court chose not to do it. Are you arguing to me then that Mr. Blank understood perfectly that Judge Patel couldn't promise and wouldn't promise this, but his client thought the contrary? I don't think that Mr. Blank was asking Judge Patel to do anything one way or another, which is why. No, I'm asking a different question. Do you think that Mr. Blank had a different idea in terms of what was just said and what was just promised than his client had? I don't think Mr. Blank understood his client's questioning any more than Judge Patel did, any more than the probation officer did. I find the client's question crystal clear. Now, it's not written in the terms that you would expect a formal contract to be written in, but I have no difficulty at all understanding what Mr. Johnson wanted and was asking for. Now, there may be some difficulty in understanding what Judge Patel thought she was promising, but I have no difficulty at all understanding what Johnson wanted and thought he got. I think that in light of the other comments by the district court surrounding this colloquy, the interpretation by Mr. Johnson that's being urged on the Court is actually not at all reasonable, because what the district court said over and over and over again is that she wanted this sentence to be consecutive. And she said --" Now, wait a minute. No, she doesn't say it over and over and over again. She says at the beginning I want it to be consecutive, and then over and over and over again she says that's up to the State. She says once this is going to be consecutive. She says after the party's request that it be consecutive, each lawyer individually she says it's her intent to impose it consecutively. And then when she eventually imposes the sentence, she says it's consecutive to the State court. And then, of course, on habeas she said, I never promised anything different, and in fact, I never said the Federal sentence would come first. But she also says, very importantly, no matter what your expectation is about what's going to happen now during this muddled colloquy, no matter what your expectation, I have no control over that. And if you don't. And then more imprecise, she said, I have no control over what the State does. That's correct. She has no control over what the State does and, importantly, a direct quote, you understand you can't withdraw your plea if it turns out that that's not correct. But that being the expectation that the sentences run concurrent. No, wait a minute. At the bottom of page 17 of the excerpts of record, Mr. Blank says, it's our expectation they will be concurrent, not through your Honor's order, but by order of the State court. Judge Patel says, you understand you can't withdraw your plea if it turns out that that's not correct. Now, wait a minute. Okay. Yes, but that, as I read Judge Patel, is very clear. That meaning it is not correct that the State will give you relief. I think that what that refers to is that there are going to be concurrent sentences by whatever mechanism. Because that's what Mr. Blank is talking about. Mr. Blank says, so it's our expectation they will be concurrent, not through your Honor's order, but by order of the State court. Next sentence from Judge Patel, you understand you can't withdraw your plea if it turns out that that's not correct. Well, that in the previous sentence by Mr. Blank was, I'm going to get concurrent out of the State. I think that what she was referring to, and given the circumstances of this colloquy, which were begun by the court's own inquiry, not begun by the defendant to say, hey, by the way, before I enter this plea, I want to ask this question. This whole colloquy was begun by the district court sui sponte asking, is there any agreement regarding concurrent or consecutive time? The sticking point for me is that it is quite clear to me what was in Mr. Johnson's head when he pled. Now, it might not have been in Judge Patel's head, and it might not even have been in Judge Patel's power to order. But it seems very, and it might not even have been in his attorney's head. But the sequence of questioning seems to me unmistakable. That's what he thought he was getting. Now, if we were talking about an enforceable contract between two sophisticated parties, a bank and another bank, or even a bank and a poor, unsuspecting customer written out in form language and so on, that's one thing. But if the inquiry is what was reasonably in Mr. Johnson's head when he pled, it's very clear to me that what he thought he got was an agreement that he would serve his federal sentence first. If that were true, then the remedy that he should be seeking here is withdrawal of his plea. And Mr. Johnson... But at this point, of course, withdrawal of his plea will do him no good because he's served his state sentence. He's now into his federal sentence. What withdrawal of his plea will do will put him in exactly the same position as he was before this purported promise. We knew at that point... No, that's wrong. The position he was in before the purported promise was he had the possibility, or so he thought, of having the federal sentence go first and then the state sentence be served concurrently. But, in fact, he didn't have that possibility because Judge Patel's intent was that they be consecutive. So by withdrawing... And he had no authority to order it anyway. That's correct. So he may have had this hope, expectation, whatever, but no one had the power to give that to him. That's correct. So he would be put back in exactly the same position because there's still no one who has the power to give it to him. So the argument he's in the same position because the bargain he wanted, had he put it out explicitly on the table, he would never have gotten it. He would not have gotten either from the government or from... And so his remedy at this point, from your perspective, is only to withdraw his guilty plea and to force you to retry him. His remedy is to withdraw... Or force him to try him in the first place, I mean. The government would try him. His remedy is to withdraw if he can show that his plea was not knowing and voluntary. That's the standard. Okay. What kind of a deal... Just offhand, what kind of a deal did he get? This is the reason he doesn't want to withdraw his plea. He was allowed to plead to a single bank robbery when, in fact, he had admitted to three bank robberies. The government agreed to a low-end sentence on that single bank robbery of 84 months. The government agreed to not move for an upward departure for a defendant who had 26 criminal history points, almost twice that required to be in a criminal history category 6. The government agreed to no upward departures. His sentence, had he gone to trial on all three bank robberies, would have been at least in the range of 12 to 14 years, not the 84-month sentence that he's trying, on the one hand, to maintain and yet not be stuck with the consequences of his plea. And one of the important consequences of his plea is the habeas waiver, the 2255 waiver. If this was a knowing and voluntary plea, then the collateral review waiver takes care of almost every single issue raised on this appeal, no matter what the interpretation is of the colloquy. So either it was a knowing and voluntary plea, and there's a 2255 waiver, or it was not a knowing and voluntary plea, and he gets to withdraw his plea. But either way, let me ask you this. Would the government object to an order from us allowing him to withdraw the plea? I think on this record, because he hasn't sought to withdraw his plea, we haven't fleshed out whether, in fact, he would not have entered the plea but for this promise. He says that in his petition, but I think given the nature of the plea agreement and the clear intent of it. Yeah. Has he waived that remedy by not asking for it? I noticed that he's not really asking for it. He doesn't – I'm not saying that he waived it, but I'm saying at this point, this Court can't order it. I think if what he wants to do is withdraw his plea, then what should happen is it should go back to the district court and there should be an evidentiary hearing. Has he even preserved that in front of us? He has not sought withdrawal of the plea, either before the district court or here. Okay. I see I'm out of time, unless the Court has further questions. Thank you. Thank you. A few minutes, if I can. One minute. Let me just point out to the Court that the defendant confessed to all his crimes, the State and the Federal crimes. He was a decorated Vietnam veteran and never went to prison before this. Does he want to rescind his guilty plea? He does not want to rescind his guilty plea. He wants to do exactly what I pled here. He wants – The only remedy that he would ask this Court, he does not want the opportunity of withdrawing his guilty plea. The only thing he wants from us is specific performance. That's correct. The only remedy he wants – If he doesn't get that – The only remedy he wants from the Court – If he doesn't get that, the second choice is he doesn't get that. If he doesn't get specific performance, his second choice is – Then I guess he would want just the option of withdrawing his plea. But that's not – we want what Santabello says. And Santabello says specific performance is what you get. And the Ninth Circuit has said that over and over again. Any time there's been a promise, that's been made. And then my last point, if I could, is this. Whether the back and forth between the judge and the defendant could be described as asking for a chronology of events. I know Judge Kaczynski says it can. Judge Fletcher seems to think it can. I'm not quite sure what Judge Bybee falls. But the government at page 48 in their brief, in a different point, states the following. However, the district court's responses to Johnson's questions regarding the chronology of his state and federal sentences did not constitute an encouragement or threat to Johnson to enter his plea. The point is anybody, in my view, with all due respect, Judge Kaczynski, who reads this, would come to the conclusion the defendant is asking one thing and one thing alone, and that is, well, I get my sentence here because if I stay here, I don't serve eight, pardon me, seven years and six years. I only serve seven years. That's the whole point of the whole thing. There's no other point being made here. And to say even if Judge Patel didn't have the authority to do what she did, you have a United States federal district court judge, actually the chief judge at that time, saying this is what will happen, presumably the defendant can rely on that. Thank you very much. Okay. Kaci, you are cancelled with it. The next argument in United States v. Burgess.
judges: Kozinski, W. Fletcher, Bybee